UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**JOSEPH MULVEY,**                  )
                                    )
    **Plaintiff,**          )
                                    )
    v.                      )   Civil No.
                                    )   05-40054-FDS
**MITT ROMNEY, CHARLES NOYES,**     )
**DANIEL COONAN, DENNIS POWERS,**   )
**TOWN OF OXFORD, and**             )
**COMMONWEALTH OF**                 )
**MASSACHUSETTS,**                  )
                                    )
                                    )
    **Defendants.**         )
_____)

**MEMORANDUM AND ORDER ON
MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF JOSEPH MULVEY**

**SAYLOR, J.**

This is a lawsuit alleging ongoing harassment allegedly committed by Massachusetts Governor Mitt Romney, the Commonwealth of Massachusetts, the Town of Oxford, Massachusetts, and three town officials. Plaintiff Joseph Mulvey, proceeding *pro se*, moves for a judgment of default against defendants Governor Romney, the Commonwealth of Massachusetts, and the Town of Oxford pursuant to Fed. R. Civ. P. 55(a) on the grounds that they have failed to file a responsive pleading. For the reasons set forth below, that motion will be denied.

**I.    Factual Background**

Plaintiff contends that state and town officials engaged in a conspiracy to harass him and his family on an ongoing basis. On March 3, 2005, plaintiff filed a complaint in this Court

1

requesting an order enjoining defendants from engaging in such conduct.

On September 15, 2005, the Court issued a notice that plaintiff had failed to file proof of service as required by Fed. R. Civ. P. 4(m) and Local Rule 4.1(b) of the Local Rules of this Court. The Court further ordered that the action would be dismissed without prejudice in twenty days from the date of the order unless plaintiff filed proof of service or showed good cause why service had not been made.

On September 28, 2005, plaintiff filed an affidavit of service indicating that "State of Massachusetts Governor Romney and the Town of Oxford Massachusetts Town Manager Dennis Powers have in fact been served," without indicating the method of service. He also filed postal return receipts dated August 15 and 16, 2005, for mail sent to Governor Romney and Town Manager Powers. On April 27, 2006, plaintiff moved for default judgment against Governor Romney, the Town of Oxford, and the Commonwealth. On May 3, he filed postal return receipts dated April 25 and 27, 2006, sent to Governor Romney and Town Manager Dennis Powers. It is unclear from the record whether the two sets of return receipts relate to the complaints themselves or some other communication.

**II.   Analysis**

Service of process must be effective under the Federal Rules before the Court may enter a judgment of default against the defendant. *Precision Etchings & Findings v. LGP Gem*, 953 F.2d 21, 23 (1st Cir. 1992). The Court will consider each defendant in turn, assuming that service was made by certified mail, return receipt requested.

    **A.   Motion for Default Judgment as to Defendant Romney**

Service upon an individual within a judicial district of the United States must be effected

"pursuant to the law of the state in which the district court is located," or "by delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e). The Massachusetts rules require service upon an individual within the Commonwealth "by delivering a copy of the summons and of the complaint to him personally." Mass. R. Civ. P. 4(d)(1). Service upon Governor Romney by certified mail, return receipt requested, is therefore not adequate under the federal rules.

### B. Motion for Default Judgment as to Defendant Town of Oxford

Service upon a municipal corporation subject to suit must be effected "by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state." Fed. R. Civ. P. 4(j)(2). The Massachusetts rules require service upon a city or town "by mailing such copies to the treasurer or the clerk thereof by registered or certified mail." Mass. R. Civ. P. 4(d)(4). Plaintiff submitted return receipts to the Court indicating that he delivered a copy of the summons and complaint to Oxford Town Manager Dennis Powers by certified mail. Although plaintiff may effect service upon the Town of Oxford by certified mail, he must send such service to the town treasurer or clerk. Service upon the town manager by certified mail is therefore inadequate under the federal rules.

### C. Motion for Default Judgment as to Defendant Commonwealth of Massachusetts

Service upon a state subject to suit must be effected " by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state." Fed. R. Civ. P. 4(j)(2). The

Massachusetts rules require service upon the Commonwealth "by delivering a copy of the summons and of the complaint to the Boston office of the Attorney General." Mass. R. Civ. P. 4(d)(3). Plaintiff submitted return receipts to the Court indicating that he delivered a copy of the summons and complaint to the Governor of the Commonwealth by certified mail, but not to the state Attorney General as the rules require. Such service is inadequate under the federal rules.

**III.    Conclusion**

Because service of process was never properly made, the twenty-day period in which defendants were to file responsive pleadings under Fed. R. Civ. P. 12(a)(1)(A) never began to run. Accordingly, plaintiff Joseph Mulvey's motion for default judgment is DENIED.

Furthermore, the Court notes that plaintiff has failed to file proof of effective service of process in accordance with Fed. R. Civ. P. 4(m) and Local Rule 4.1(b) of the Local Rules of this Court as to all defendants, despite the Court's September 15, 2005 notice that such failure would result in dismissal. Accordingly, plaintiff's claims as to all defendants are dismissed without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 19, 2006